```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                      Civil No. 17-cr-173-JD
                                          Opinion No. 2018 DNH 059

Bashir Masaoud

## O R D E R

Bashir Masaoud was indicted on two counts of assault on a federal officer in violation of 18 U.S.C. § 111. In both counts, the government alleges that Masaoud "did knowingly forcibly assault, resist, oppose, impede, intimidate and interfere" with the officer "while [the officer] was engaged in the performance of his official duties." Masaoud moves to dismiss the charges on the ground that the mens rea required for violation of § 111 is intentionally, not knowingly. The government objects.

## Discussion

At the time of the events underlying the charges against Masaoud, he was incarcerated at FCI-Berlin in New Hampshire. He is charged with assaulting two guards at the prison in May of 2017. The government alleges that Masaoud grabbed one officer by the shirt and attempted to hit him with a closed fist and kicked the other officer.

> Section 111 provides in pertinent part:
>
> Whoever—
>   (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; . . .
>
> Shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

§ 111(a). The statute does not expressly include the mens rea necessary to be convicted under § 111. Cf. Dixon v. United States, 548 U.S. 1, 7 (2006) (when the statute provides the required mental state that becomes an element of the offense). "The fact that the statute does not specify any required mental state, however, does not mean that none exists" because "a guilty mind is a necessary element in the indictment and proof of every crime." Elonis v. United States, 135 S. Ct. 2001, 2009 (2015) (internal quotation marks omitted).

Neither the Supreme Court nor the First Circuit has determined what mental state is required to violate § 111. The government contends that § 111 is a general intent crime, which requires that the defendant acted knowingly. See Kucinski v. United States, 2016 WL 4444736, at *6 (D.N.H. Aug. 23, 2016) (explaining the general intent mental state as knowingly).

2

Masaoud contends that § 111 is a specific intent crime which requires an intentional violation. See United States v. Dyer, 589 F.3d 520, 533 (1st Cir. 2009) ("A specific intent crime is one committed voluntarily and purposely with the specific intent to do something the law forbids." (internal quotation marks omitted)).

In United States v. Feola, 420 U.S. 671 (1975), the Supreme Court considered whether the government must prove that a defendant knew that his victim was a federal officer to convict the defendant under § 111. Id. at 684. The Court concluded that knowledge of the victim's identity was not necessary because "[a]ll the statute requires is an intent to assault, not an intent to assault a federal officer." Id. The Court did not have reason to and did not decide whether violation of § 111 required specific or general intent.

A few years later, the First Circuit decided an appeal in which the defendant argued that the evidence at his trial was insufficient to show his specific intent to violate § 111. United States v. Caruana, 652 F.2d 220, 221 (1st Cir. 1981). Because the issue was not raised, the court did not consider whether proof of specific intent was necessary. Instead, the court determined that sufficient evidence had been introduced at

3

Caruana's trial to show that Caruana had the specific intent to intimidate the federal officers. Id. at 222.

More recently, the First Circuit addressed the issue of whether violation of § 111 constitutes a crime of violence for purposes of the Armed Career Criminal Act. United States v. Taylor, 848 F.3d 476, 491-94 (1st Cir. 2017). The court held that the two parts of § 111, § 111(a) and § 111(b), are divisible and that violation of § 111(b) is a crime of violence. Id. at 494. The court listed the elements of a violation of § 111(a) but did not specify the mental state necessary for a violation.

Most other circuit courts that have addressed the question of the mental state necessary to violate § 111(a) have held that it is a general intent crime, that requires the defendant to act knowingly but not with specific intent to injure. United States v. Gonzalez-Hermandez, 657 Fed. Appx. 658, 660 (9th Cir. 2016) (citing United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir. 1990)); United States v. Brown, 592 Fed. Appx. 164, 166 (4th Cir. 2014) (citing United States v. Williams, 604 F.2d 277, 279 (4th Cir. 1979)); United States v. Cunningham, 564 Fed. Appx. 190, 195 (6th Cir. 2014) (citing United States v. Kimes, 246 F.3d 800 (6th Cir. 2001)); United States v. Gutierrez, 745 F.3d 463, 470-71 (11th Cir. 2014) (citing United States v. Ettinger,

344 F.3d 1149, 1160 (11th Cir. 2003)); United States v. Graham, 431 F.3d 585. 588-89 (7th Cir. 2005); United States v. Kleinbart, 27 F.3d 586, 592 (D.C. Cir. 1994). Massaoud cites the Eighth Circuit Model Jury Instructions (2014) 6.18.111, and the Fifth Circuit Pattern Jury Instructions (2012) 2.09, which both require the defendant to act intentionally. The government acknowledges that the Fifth Circuit has noted in dicta a defense of lack of specific intent to a § 111 charge, United States v. Taylor, 680 F.2d 378, 381 (5th Cir. 1982), and an Eighth Circuit case in which the court relied on Feola to find that § 111 was a specific intent crime, United States v. Manelli, 667 F.2d 695, 696 (8th Cir. 1981). But see United States v. Guler, 295 Fed. Appx. 861, 863 (8th Cir. 2008) (holding that "only general intent to commit assault is necessary for conviction under 18 U.S.C. § 111"); United States v. Oakie, 12 F.3d 1436, 1443 (8th Cir. 1993) (acknowledging conflicting decisions in the Eighth Circuit on the mens rea required for violation of § 111).

"When interpreting federal criminal statutes that are silent on the required mental state, [the Court] read[s] into the statute only that mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct." Elonis, at 2010. Consonant with that direction and the decisions in other circuits, § 111 is a general intent crime. There is little

5

contrary authority, and those few cases are not persuasive. Therefore, the government correctly charged that Masaoud knowingly assaulted the officers in violation of § 111.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 9) is denied.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

March 19, 2018

cc: Donald A. Feith, Esq.
    Dorothy E. Graham, Esq.
    U.S. Probation
    U.S. Marshal